```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
MIN XIU LIN,                              :
                                          :
                         Plaintiff,       :
             -v-                          :        25cv3941 (DLC)
                                          :
BANK OF AMERICA, N.A.,                    :            OPINION
                                          :           AND ORDER
                         Defendant.       :
                                          :
                                          :
----------------------------------------- X
```

APPEARANCES:

For plaintiff Min Xiu Lin:

Vincent S. Wong
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002

For defendant Bank of America, N.A.:

Philip A. Goldstein
Shan P. Massand
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020

DENISE COTE, District Judge:

Plaintiff Min Xiu Lin sued Bank of America, N.A. ("Bank of America"), bringing federal, state, and common-law claims, after Bank of America deducted over $60,000 from her deposit account to satisfy a defaulted loan that she alleges was fraudulently obtained in her name. Bank of America moved to dismiss the claims for failure to state a claim pursuant to Rule 12(b)(6),

Fed. R. Civ. P.  For the following reasons, Bank of America's motion is granted.

## Background

The following facts are alleged in the first amended complaint ("FAC").  This Opinion summarizes only the facts necessary to decide this motion.

At all times relevant to this action, Lin maintained a "Plus Banking" deposit account at Bank of America.  On or about April 9, 2023, an unknown third party applied for and received a car loan in the amount of $53,715.00 in Lin's name at Bank of America.  Lin was unaware of this loan at the time and did not sign any loan agreement.  Lin only learned of the loan after the unknown third party defaulted and Bank of America contacted Lin about the missed monthly payments.

On April 28, 2023, Lin reported the crime to the New York Police Department ("NYPD") and informed Bank of America that she did not authorize or take out the loan.  On November 29, Bank of America deducted $60,490.85 from Lin's deposit account with the notation, "debit for charged off account."  Lin understood this amount to represent "the $53,715 fraudulently borrowed, as well as interest."

In December 2023, Lin and her attorney visited her local Bank of America branch in Chinatown, Manhattan, New York, where

Lin explained again that the loan was fraudulent and provided a copy of the NYPD police report.  A Bank of America representative indicated that they would investigate the loan but noted that the loan agreement included a "setoff" clause that allowed Bank of America to take funds owed from her account.  To date, Bank of America has not refunded the $60,490.85 withdrawal.

On March 21, 2025, Lin filed this action against Bank of America in state court.  Bank of America removed the case to federal court on May 12 and filed a motion to dismiss the claims on July 7, at which point Lin was given the opportunity to amend her complaint and was warned that it was unlikely she would have a further opportunity to amend.

On August 11, Lin filed the FAC.  Lin first claims that Bank of America violated Article 4-A of the New York Uniform Commercial Code ("NYUCC") by "executing an unauthorized debit transfer," the $60,490.85 withdrawal, "without commercially reasonable security procedures."  Lin also contends that Bank of America's withdrawal constituted a breach of the contract between them, but did not file a copy of the contract or identify any specific provision that was breached.  In the alternative, Lin brings a number of quasi-contract common-law claims for the same withdrawal, contending that she can obtain

3

relief under theories of negligence, conversion, and unjust enrichment.  Finally, she asserts that Bank of America violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA") by "refusing to restore [Lin's] stolen funds despite clear evidence of fraud."

Bank of America renewed its motion to dismiss on August 25, pursuant to Rule 12(b)(6), Fed. R. Civ. P.  The motion became fully submitted on September 15.

## Discussion

To defeat a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Doe v. Franklin Square Union Free School Dist., 100 F.4th 86, 94 (2d Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Vengalattore v. Cornell Univ., 36 F.4th 87, 102 (2d Cir. 2022) (quoting Iqbal, 556 U.S. at 678).  In determining if a claim is sufficiently plausible to withstand dismissal, a court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party."  Doe, 100 F.4th at 94 (citation omitted).

4

I.    New York Uniform Commercial Code Article 4-A

Lin first asserts that Bank of America violated Article 4-A of the NYUCC by withdrawing $60,490.85 from her bank account, "an unauthorized debit transfer," without her authorization.  In particular, Lin argues that Bank of America is liable to refund her the withdrawal under §§ 202 and 204 of Article 4-A because it "accept[ed] a payment order issued in the name of [that] customer as sender which is [] not authorized and not effective as the order of the customer."

But the NYUCC does not apply to the alleged withdrawal at issue here.  As the Second Circuit has explained, "Article 4-A of the New York Uniform Commercial Code governs electronic funds transfers," which are a "series of transactions, beginning with the originator's payment order, made for the purpose of making payment to the beneficiary of the order."  Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 597 F.3d 84, 87 (2d Cir. 2010) (emphasis added) (quoting N.Y. UCC §§ 4-A-102, 4-A-104).  And the NYUCC defines a "payment order" as "an instruction of a sender to a receiving bank . . . to cause another bank to pay, a fixed or determinable amount of money to a beneficiary if," among other requirements, "the instruction does not state a condition to payment to the beneficiary other than time of payment."  N.Y. UCC § 4-A-103.  Here, no payment order was made.

The loan agreement containing a "setoff clause" was not a payment order because, among other reasons, it is reasonable to infer that the clause authorized a withdrawal only if certain conditions (unrelated to the time of payment) were met.  Thus, Lin does not plausibly state a claim under the NYUCC.

## II.  Common-Law Claims

Lin also brings four common-law claims, alleging supplemental jurisdiction pursuant to 28 U.S.C. § 1367: breach of contract, negligence, conversion, and unjust enrichment.  The parties are in agreement that New York law applies to these claims, which is sufficient to apply that law under New York choice-of-law rules.  See Insurance Company of the State of Pennsylvania v. Equitas Insurance Limited, 68 F.4th 774, 779 n.2 (2d Cir. 2023).  Even taking all of the factual allegations in the FAC as true and drawing all reasonable inferences in Lin's favor, none of these claims are plausibly alleged.

### A.    Breach of Contract

To state a viable claim for breach of contract under New York law, a "complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."  Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004) (citation

omitted).  Lin has not quoted from or submitted a copy of the contract but claims that it "implicitly implied" that Bank of America would not remove money from her account for a debit which it "was informed was fraudulent and not signed or authorized by Plaintiff."  This is insufficient to plausibly state a breach of contract claim.  Lin cannot rely upon conclusory, speculative allegations about what plausibly could have been included in the alleged contract to survive dismissal.

B.   Negligence

"The elements of a negligence claim under New York law are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach."  Pasternack v. Lab'y Corp. of Am. Holdings, 807 F.3d 14, 19 (2d Cir. 2015) (citation omitted).  "If the defendant owes no duty to the plaintiff, the action must fail."  Id.

Lin alleges that Bank of America owed Lin a duty "to safeguard [Lin's] funds and prevent unauthorized transactions" and "to prevent foreseeable fraud and to act with care in customer account management, including without limitation preventing the Unauthorized Loan."  But under New York law, a bank does not have a duty to its depositors based on their contractual relationship.  See, e.g., Calisch Assocs., Inc. v. Mfrs. Hanover Tr. Co., 542 N.Y.S.2d 644, 645 (N.Y. App. Div.

7

1989); <u>Bouquet Brands of J & D Food Sales, Inc. v. Citibank (N.Y. State), N.A.</u>, 470 N.Y.S.2d 733, 734 (N.Y. App. Div. 1983). And Lin does not identify any other source from which Bank of America's duty to her could arise.  Nor does she cite any authority to otherwise support the existence of a duty.

Lastly, Lin argues that we should not dismiss her negligence claim "at this time" because "discovery may lead to evidence that bears upon, among other things, the question [of] whether Defendant had a 'duty' to Plaintiff independent of any alleged contractual obligations."  But Lin must state a plausible claim for relief before discovery may proceed.  Lin failed to allege in the complaint any facts indicating that Bank of America owed a duty to her "independent of any alleged contractual obligations," so her negligence claim is dismissed.

C.   Conversion

"Under New York law, conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." <u>V&A Collection, LLC v. Guzzini Properties Ltd.</u>, 46 F.4th 127, 133 (2d Cir. 2022) (citation omitted).  To state a claim of conversion, the plaintiff must allege that:

> (1) the party charged has acted without authorization, and (2) exercised dominion or a right of ownership over property belonging to another, (3) the rightful owner makes a

> demand for the property, and (4) the demand
> for the return is refused.

Id. (citation omitted).  And, as Lin correctly states, where "the property is money, it must be specifically identifiable and be subject to an obligation to be returned or to be otherwise treated in a particular manner."  Salatino v. Salatino, 881 N.Y.S.2d 721, 723 (N.Y. App. Div. 2009) (citation omitted).

It is settled New York law that "funds deposited in a bank account are not sufficiently specific and identifiable, in relation to the bank's other funds, to support a claim for conversion against the bank."  Fundacion Museo de Arte Contemporaneo de Caracas v. CBI-TDB Union Bancaire Privee, 160 F.3d 146, 148 (2d Cir. 1998) (citation omitted).  It is not enough to allege the value of the funds for them to be "specifically identifiable."  Thus, Lin fails to plausibly allege a common-law conversion claim.

D.   Unjust Enrichment

Under New York law, a plaintiff bringing an unjust enrichment claim must plead "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution."  Myun-Uk Choi v. Tower Rsch. Cap. LLC, 890 F.3d 60, 69 (2d Cir. 2018) (citation omitted).  But "unjust enrichment is not a catchall cause of action to be used when others fail."  McCracken v. Verisma

Systems, Inc., 91 F.4th 600, 608 (2d Cir. 2024) (citation omitted).  "It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff."  Corsello v. Verizon New York, Inc., 18 N.Y.3d 777, 790 (N.Y. 2012).  Thus, "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."  Id.  "Two claims are duplicative of one another if they arise from the same facts and do not allege distinct damages."  NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008) (citation omitted).

Lin contends that Bank of America was unjustly enriched when it "enforce[ed] a 'set off clause'" from the loan agreement Lin did not authorize or sign and took $60,490.85 from her account.  But such a claim, even if true, duplicates her breach of contract, negligence, and conversion claims.  Thus, the unjust enrichment claim does not survive.

III. Electronic Fund Transfer Act

Finally, Lin claims that Bank of America violated the EFTA by withdrawing funds from her account and refusing to issue a refund even after being notified of the fraud.  Lin, however, does not contest that she brought her EFTA claim more than a

10

year after the alleged violation, outside of the statute's limitations period.  See 15 U.S.C. § 1693m(g).  Instead, Lin asks the Court to equitably toll her claim while acknowledging that "[w]hether the EFTA permits equitable tolling remains an unsettled question in the Second Circuit" and that the doctrine requires a showing of "rare and exceptional circumstances that prevented the party in some extraordinary way from exercising his rights."

Even if we assume that the EFTA permits equitable tolling, the circumstances alleged here are not "rare and exceptional." Lin alleges that she first became aware of the fraudulent loan a few weeks after the loan was extended in April of 2023 and notified Bank of America "immediately" afterwards.  Bank of America deducted $60,490.85 from Lin's account on November 29, 2023, and indicated to Lin that they would investigate the loan in December 2023.  Lin then waited more than a year before filing this action in state court on March 21, 2025.  Lin claims that the claim should be equitably tolled because Bank of America "has taken an inordinate amount of time to 'investigate' the fraud, and despite repeated reassurances that [Lin] would get her money back, has not given [Lin] her money back."  But Lin does not explain why she waited almost two years from her discovery of the fraud and fifteen months from the time Bank of

11

America stated that it would investigate the fraud before filing a complaint.  She does not allege that Bank of America misled her regarding the status of the investigation or otherwise prevented her from filing an EFTA claim after more than a year without a resolution or refund.  Thus, the factual circumstances presented here are not so "extraordinary" as to equitably toll Lin's EFTA claim.

## Conclusion

The defendant's August 25, 2025 motion to dismiss is granted.  The Clerk of Court shall enter judgment for the defendant and close the case.

Dated:    New York, New York
          December 17, 2025

_____
DENISE COTE
United States District Judge

12